UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ALI GHADERSOHI,

                         Plaintiff,

        v.                                                    **DECISION AND ORDER**

ROSWELL PARK CANCER INSTITUTE,                                10-CV-143S

                         Defendant.

## I.  INTRODUCTION

Plaintiff, proceeding *pro se*, commenced this action on February 22, 2010, alleging that Roswell Park Cancer Institute ("RPCI") discriminated against him because of his national origin and retaliated against him for complaining about discrimination, all in violation of Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. §§ 2000e *et seq*.

Presently before the Court is RPCI's Motion to Dismiss (Docket No. 5).  For the reasons stated below, the motion is granted.

## II.  BACKGROUND

This is the third of three actions commenced by Plaintiff against RPCI.  In the first, *Ghadersohi I*, Plaintiff alleged discrimination on the basis of his age and disability, and retaliation.  (08-CV-355, Docket No. 1.)  *Ghadersohi I* was resolved by settlement, and the case was closed on February 13, 2009.  Thereafter, Plaintiff filed three motions in the closed action, alleging various breaches of the parties' Confidential Settlement Agreement

(the Agreement) and seeking enforcement.  (Id. Docket Nos. 52, 91, 96.)  Those motions were denied and *Ghadersohi I* is concluded.  (Id. Docket No. 109.)

The second action, *Ghadersohi II*, was commenced in New York State Supreme Court and then removed to this Court on July 31, 2009. (09-CV-689.)  In this case, Plaintiff sought monetary damages in connection with the same conduct alleged in his first enforcement motion in *Ghadersohi I*.  (Id. Docket No. 1.)  He further claimed that RPCI's alleged breach was retaliatory in nature.  (Id.)  Plaintiff subsequently filed two motions alleging additional breaches of the Agreement, which motions were identical to the second and third enforcement motions in *Ghadersohi I*.  (Id.  Docket Nos. 27, 39.)  *Ghadersohi II* was dismissed in its entirety on September 27, 2011.  (Docket No. 44.)

In this third action, Plaintiff alleges he was discriminated against based on his national origin.  He further alleges that, six months after he submitted a complaint to the New York State Division of Human Rights (filed on March 18, 2009), RCPI retaliated against him by restricting his access to its premises, any off-site event under its control, and its communications systems.  (10-CV-143, Docket No. 1-2 at 1, 5, 12.)  This same conduct was the basis for motions to enforce in *Ghadersohi I*, Docket No. 96, and *Ghadersohi II,* Docket No. 39.

RPCI has moved to dismiss the national origin discrimination claim for failure to exhaust administrative remedies and failure to state a claim, and the retaliation claim for failure to state a claim.  Plaintiff filed a declaration in response,[1] RPCI filed a reply, and the Court finds that no oral argument is necessary.

---

[1] Plaintiff has retained an attorney who entered an appearance in *Ghadersohi I, Ghadersohi II*, and another action Plaintiff has pending in this Court, 10-CV-144.  Counsel has not entered an appearance here, and Plaintiff's filings are accorded the broad reading applicable to *pro se* litigants.

## III.  DISCUSSION

### A.      Standard of Review

Federal pleading standards are generally not stringent.  Rule 8 requires only a short and plain statement of a claim.  FED. R. CIV. P. 8(a)(2).  But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (internal quotation marks omitted).

To survive a motion to dismiss, a complaint alleging workplace discrimination and/or retaliation need not plead facts sufficient to defeat summary judgment. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002).  At the pleading stage, courts consider only whether the complaint includes factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In conducting this inquiry, the court must generally accept as true all of the factual assertions in the complaint.  Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). However, there is a narrow exception to this rule for factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice. See, e.g., Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1095 (2d Cir. 1995) (upholding dismissal where "attenuated allegations" supporting the claim were "contradicted both by more specific allegations in the Complaint and by facts of which [the court] may take judicial notice"); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (affirming the dismissal of a claim based on "wholly conclusory and inconsistent allegations").

**B.    The National Origin Discrimination Claim**

A plaintiff commencing a Title VII action ordinarily must exhaust his administrative remedies by first presenting his claims to the EEOC or a state administrative agency. Failure to do so defeats the purpose of Title VII's statutory notice provision, which is "to encourage settlement of discrimination disputes through conciliation and voluntary compliance." Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 26 (2d Cir. 1985); *see also*, Burnett v. ESL Fed. Credit Union, 198 F.Supp.2d 307, 314-15 (W.D.N.Y. 2002). Consequently, courts in this district routinely dismiss unexhausted discrimination claims. *See, e.g.*, Byrne v. Telesector Res. Group, Inc., No. 04-CV-76, 2005 U.S. Dist. LEXIS 7155, at *19, *23-27 (W.D.N.Y. Feb. 25, 2005) (dismissing hostile work environment claim for failure to exhaust); Talyansky v. Xerox Corp., 22 F. Supp. 2d 55, 57 (W.D.N.Y. 1998) (finding retaliation claim made in EEOC charge was woefully inadequate to satisfy statutory notice requirement prior to bringing suit in federal court), *aff'd*, 182 F.3d 901 (2d Cir. 1999), *cert. denied*, 528 U.S. 1020, 120 S. Ct. 530, 145 L. Ed. 2d 410 (1999), *reh'g denied*, 528 U.S. 1132, 120 S. Ct. 974, 145 L. Ed. 2d 842 (2000).

However, "'as a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement.'" Francis v. City of New York, 235 F.3d 763, 768 (2d Cir. 2000) (quoting Gibson v. West, 201 F.3d 990, 994 (7th Cir. 2000)); *see also*, Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 n.5 (2d Cir. 2000); Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist., 180 F.3d 468, 474 (2d Cir. 1999). So, the requirement can be waived by the litigants or the court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed.2d 234 (1982); Pietras, 180 F.3d at 474. In particular, courts may

entertain claims that, while not expressly raised in the underlying administrative charge, are "reasonably related" to it.  *See* Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds as stated in*, Hawkins v. 1115 Legal Servs. Care, 163 F.3d 684, 693 (2d Cir. 1998).

In Butts, the Second Circuit discussed three situations where unexhausted claims may be "reasonably related" to properly presented claims: (1) "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination;" (2) where the "claim is one alleging retaliation by an employer against an employee for filing an EEOC charge" and (3) "where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge."  990 F.2d at 1402-03 (quotations and citations omitted).

Here, it is clear that Plaintiff's national origin claim does not meet any of these "reasonably related" situations.  His EEOC charge links the complained of restrictions solely to his filing of an earlier administrative complaint—*i.e.*, it alleges retaliation only. (Docket No. 1-2 at 5-12.)  That earlier administrative complaint likewise alleged retaliation only.  (Id. at 13-19.)  As neither of these administrative filings describe any act of discrimination or make any reference to Plaintiff's national origin, they would not have prompted an investigation into whether the restrictions Plaintiff complains of were motivated by national origin discrimination as well as retaliation.  Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003) (in determining whether claims are reasonably related, courts must consider whether facts alleged in administrative complaint would sufficiently alert agency of need to investigate the instances or claims later alleged in lawsuit); *see also*, Keener v.

Bell Atlantic-New York, 06-CV-00313C(F), 2006 U.S. Dist. LEXIS 91570, at *6 (W.D.N.Y.

Dec. 19, 2006) (quoting Alonzo v. Chase Manhattan Bank, N.A., 25 F. Supp. 2d 455, 458

(S.D.N.Y. 1998) ("A claim not included in an EEOC charge will not be deemed 'reasonably

related' where the claim is based on 'a wholly different type of discrimination' from that

alleged in the . . . complaint, or '[w]here the facts in the original EEOC charge do not

sufficiently apprise the EEOC that another type of discrimination claim lurks in the

background . . . .'").

As plaintiff failed to put the EEOC on notice that he was alleging a claim of national

origin discrimination, he has failed to exhaust his administrative remedies and the claim

must be dismissed.

## C.    The Retaliation Claim

Although a plaintiff need not establish a *prima facie* case of retaliation to survive a

motion to dismiss, courts consider the elements of the *prima facie* case in determining

whether there is sufficient factual matter in the Complaint, accepted as true, to allow for a

reasonable inference that the defendant is liable for the misconduct alleged.  Ashcroft v.

Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Doverspike v. Int'l

Ordinance Techs., No. 09-CV-00473, 2010 U.S. Dist. LEXIS 25629, at *14 (W.D.N.Y. Mar.

17, 2010).

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must

demonstrate that (1) he was engaged in an activity protected under Title VII; (2) the

employer was aware of plaintiff's participation in the protected activity; (3) the employer

took an adverse action against the plaintiff; and (4) a causal connection existed between

the plaintiff's protected activity and the adverse action.  Mack v. Otis Elevator Co., 326 F.3d

116, 129 (2d Cir. 2003) (internal quotation marks omitted).

Plaintiff's Complaint indicates that his employment ended on April 30, 2008. However, it is well-settled that former employees may bring suit for postemployment actions allegedly taken in retaliation for filing a charge of discrimination.  Robinson v. Shell Oil Co., 519 U.S. 337, 519 S. Ct. 843, 136 L. Ed. 2d 808 (1997).  Plaintiff alleges that RCPI engaged in such postemployment retaliation here by restricting his access to its property and personnel.  (Docket No. 1-2 ¶¶ 4-5.)  He attached to his Complaint a copy of the September 18, 2009 letter he received from RPCI's counsel.  It states, in pertinent part that:

> 1)  You are no longer permitted upon RPCI's premises or to attend any off-site event under its control, unless you are expressly authorized in writing to do so; and
>
> 2) You are no longer permitted to access or send communications using RPCI's telephone, e-mail or other communication systems . . . .
>
> * * * *
> Finally, you are instructed that all future communications and correspondence regarding RPCI are to be directed to my attention.

(Docket No. 1-2 at 12.)

RPCI argues, *inter alia*, that the retaliation claim must be dismissed because Plaintiff has not alleged, and cannot establish, a cognizable adverse employment action.  Plaintiff urges, in response to RPCI's motion to dismiss, that he needs the consent of co-authors at RPCI to publish a paper, and that RPCI's prohibition on communication has interfered with his ability to publish his data, to promote his career, and to obtain job references. (Docket No. 10, ¶¶ 21-23, 25.)

The Second Circuit defines an adverse employment action as a "materially adverse

7

change" in the terms and conditions of an individual's employment.  Sanders v. New York City Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004); Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000).  A materially adverse change must be "more disruptive than a mere inconvenience or an alteration of job responsibilities [and] might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation."  Galabya, 202 F.3d at 640 (internal quotation marks and citations omitted); *see also*, Pimentel v. City of New York, No. 00 Civ. 326, 2002 WL 977535, at *4 (S.D.N.Y. May 14, 2002) ("[W]here there is no loss of salary, benefits, seniority, tenure or promotion opportunities, there is no adverse employment action.").

Read broadly, the Complaint alleges that RPCI is prohibiting communications necessary to Plaintiff's ability to continue in his career.  But, even assuming this is sufficient to allege an adverse employment action, the allegation is contradicted by the offending letter itself, which, as an attachment to the Complaint, can be considered on this motion to dismiss.  As this Court noted in *Ghadersohi I* (Docket 109 at 7), the September 18, 2009 letter does not prohibit Plaintiff from communicating with persons at RPCI; it merely sets out a procedure for him to do so.  Any requests for co-author consent to publication, or for employment references, must all be directed to RPCI's counsel rather than to various individuals at RPCI.  An inability to communicate in the manner Plaintiff may prefer  simply does not rise to the level of a materially adverse action.  And, based on the letter's content, there is no set of facts that could be alleged to support the conclusion that RPCI's decision to send it was retaliatory.

8

Because Plaintiff has not stated and cannot state a claim for relief, his retaliation claim must be dismissed.

**D.      State Law Discrimination and Retaliation**

As previously noted, Plaintiff has sought relief under Title VII only.  (Docket No. 1 at 1-2.)  In an abundance of caution, RPCI urges that to the extent the Complaint can be read as also asserting claims under New York's Human Rights Law ("HRL"), such parallel claims should be dismissed for failure to state a claim.

Plaintiff has opposed only RCPI's Title VII arguments.  (Docket No. 10 ¶ 25 (urging that RPCI's Points II, III, and IV, all relating to Title VII only, are unpersuasive).)  He thereby implicitly concedes either that he is not asserting HRL claims, or that he fails to state a claim for relief under the HRL.

I conclude it is the former for three reasons.  First, RPCI opens its argument by stating that Plaintiff alleges a violation of Title VII only; which Plaintiff does not deny.  Second, Plaintiff, who has commenced all of his actions *pro se*, is familiar with the Court's form employment discrimination complaint, and when he previously wished to include HRL claims in an action, he has expressly noted so on the Court's form.  (*See Ghadersohi I*, Docket No. 1 at 2.)  He did not do so here.  Third, Plaintiff's opposition to RPCI's Points II and IV would apply equally to parallel HRL claims such that the failure to separately address them could not be viewed as a concession.

Because Plaintiff has not asserted any Human Rights Law claims here, there is no reason to consider RPCI's argument.

## III.  CONCLUSION

For the reasons stated, RPCI's Motion to Dismiss is granted in its entirety.

## IV.  ORDERS

IT HEREBY IS ORDERED that Defendant Roswell Park Cancer Institute's Motion to Dismiss (Docket No. 5) is GRANTED.

FURTHER that Plaintiff's Complaint is dismissed in its entirety, and the Clerk of Court is directed to close this case.

SO ORDERED.


Dated:      September 30, 2011
            Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
